# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **FENNER INVESTMENTS, LTD.** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 6:08-CV-61** |
| **3COM CORP., et al.** | § § § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge has been presented for consideration. (Doc. No. 141.) Defendants have filed objections (Doc. No. 144) to the Report and Recommendation. Having carefully considered the objections raised by Defendants, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

On February 26, 2008, Plaintiff commenced this action, case number 6:08-cv-61 (the "3Com action"), alleging infringement of two patents by 3Com Corp., Foundry Networks, Inc., Extreme Networks, Inc., Netgear, Inc., ZyXEL Communications, Inc., D-Link Systems, Inc., SMC Networks, Inc., Tellabs, Inc., Tellabs North America, Inc., and Enterasys Networks, Inc. On June 27, 2008, Plaintiff filed a separate action, *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, case number 6:08-cv-273 (the "HP action"), alleging infringement of the same two patents against two Defendants not named in the 3Com action, Hewlett-Packard Co. and Dell, Inc. Defendants in the 3Com action now move to consolidate these two cases (Doc. No. 125).

Defendants contend that the Magistrate Judge mischaracterized a number of cases by stating that consolidation may be improper "if it would delay a matter's trial date." *Mills v. Beech Aircraft*

*Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989); *Richard v. Doe*, No. 93-0590, 1994 WL 66745, at *1 (E.D. La. February 23, 1994). They contend that these cases actually hold that consolidation is improper when the two cases are at different stages of preparedness for trial. The Court finds this to be a distinction without a difference. When the Magistrate Judge issued his Report and Recommendation these two cases were—and still are—at different stages of preparedness for trial, and consolidation would result in significantly delaying the 3Com action's trial date. The 3Com action's *Markman* hearing will be held four months from now, whereas the HP action has only recently had a status conference. Furthermore, Defendants fail to explain why they cannot coordinate discovery between the two cases without consolidation.

Defendants also object that the Magistrate Judge erred by stating that consolidation could disqualify Plaintiff's counsel Fulbright & Jaworski. While the potential for disqualification is unclear, the risk does weigh slightly against consolidation. At any rate, this issue was not an integral part of the Magistrate Judge's Recommendation, and it is not an integral part of this Court's ruling.

Accordingly, it is **ORDERED** that Defendant's Motion to Consolidate (Doc. No. 125) be **DENIED**.

**So ORDERED and SIGNED this 12th day of November, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**