```
                                                                    1
 1                    UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF TEXAS
 2                          TYLER DIVISION

 3


 4   FENNER INVESTMENTS, LTD     :      DOCKET NO. 6:08CV61
                                 :
 5   VS.                         :      TYLER, TEXAS
                                 :      FEBRUARY 10, 2009
 6   3COM CORPORATION, ET AL     :      11:00 A.M.

 7


 8                       TELEPHONE CONFERENCE
               BEFORE THE HONORABLE JOHN D. LOVE,
 9               UNITED STATES MAGISTRATE JUDGE

10


11   APPEARANCES BY TELEPHONE:

12

     FOR THE PLAINTIFF:          MS. DEBORAH RACE
13                               IRELAND CARROLL & KELLEY
                                 6101 S. BROADWAY, SUITE 500
14                               TYLER, TEXAS   75703

15
                                 MR. THOMAS JOHN WARD, JR.
16                               WARD & SMITH LAW FIRM
                                 P.O. BOX 1231
17                               LONGVIEW, TEXAS   75606

18

19   FOR EXTREME NETWORKS:       MR. MR. MEVLIN R. WILCOX, III
                                 YARBROUGH-WILCOX, PLLC
20                               100 E. FERGUSON, SUITE  1015
                                 TYLER, TEXAS   75702
21

22                               MR. E. ROBERT YOCHES
                                 FINNEGAN HENDERSON FARABOW
23                               901 NEW YORK AVE NW
                                 WASHINGTON, DC   20001
24

25
```

```
                                                                    2
 1   FOR NETGEAR:                  MR. HERBERT A. YARBROUGH, III
                                   ATTORNEY AT LAW
 2                                 100 E. FERGUSON, SUITE 1015
                                   TYLER, TEXAS  75702
 3

 4                                 MR. STEVEN H. MORRISSETT
                                   FINNEGAN HENDERSON FARABOW
 5                                 3300 HILLVIEW AVENUE
                                   PALO ALTO, CA  94304
 6

 7   FOR SMC NETWORKS:             MR. WILLIAM CORNELIUS, JR.
                                   WIILSON ROBERTSON & CORNELIUS
 8                                 909 ESE LOOP 323, SUITE 400
                                   TYLER, TEXAS  75703
 9

10                                 MR. RICHARD C. VASQUEZ
                                   MR. JEFFREY T. LINDGREN
11                                 VAZUEZ BENISEK & LINDGREN, LLP
                                   3685 MT. DIABLO BLVD
12                                 SUITE 300
                                   LAFAYETTE, CA  94549
13

14   FOR TELLABS:                  MR. JOSE CARLOS VILLARREAL
                                   WILSON SONSINI
15                                 8911 CAPITAL OF TEXAS HIGHWAY
                                   WESTECH 360, SUITE 3350
16                                 AUSTIN, TX  78759

17

18

19

20

21

22

23

24

25        PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
```

3

1           THE COURT:  Good morning.  This is Judge Love.  Let
2  me call this case.  This is Case No. 6:08CV273.  This is
3  6:08CV61.  Excuse me.
4      Let me go ahead and get announcements from the parties
5  that are on the line.
6           MS. RACE:  Yes.  Your Honor, this is Deborah Race and
7  Johnny Ward, and we're on the line for Plaintiff Fenner.
8           MR. WILCOX:  Judge, Melvin Wilcox.  I think Bobby
9  Yoches is on the line for Extreme Networks.
10          MR. CORNELIUS:  Your Honor, Bill Cornelius along with
11 Jeff Lindgren and Rich Vasquez on for SMC and Enterasys.
12          MR. YARBROUGH:  Your Honor, Trey Yarbrough and Steve
13 Morrissett are on the line for Defendants D-Link Systems, Inc.
14 and Netgear, Inc.  We also serve as counsel for ZyXEL
15 Communications, Inc., but they've recently settled and have
16 been dismissed.
17          MR. VILLARREAL:  Your Honor, this is Jose Villarreal
18 for Tellabs, Inc. and Tellabs North America.
19          THE COURT:  All right.  Anyone else?  Okay.  Well, I
20 thank you for being on the line for this conference.  If you do
21 speak, remember to state your name so we can have a record of
22 that.  We are recording this.
23     But the reason I wanted to have this conference is we
24 have this Markman Hearing set for Thursday.  Obviously
25 there's been an objection to the technical adviser, Mr.

4

1   Egen, by the Plaintiff.  I just wanted to inform the parties
2   that in light of the Plaintiff's objection, my intention is
3   to sustain the Plaintiff's objection, appoint Mike McLemore
4   as technical adviser, and move this Markman Hearing to April
5   23rd.  Does anyone have any objection to any of that?
6           MR. VASQUEZ:  Yes, Your Honor.  This is Rich Vasquez
7   for SMC and Enterasys.  My firm and Bill Cornelius will be in a
8   two week trial on April 13th known as the CSIRO trial, also
9   before Judge Davis.  So that date would be extremely
10  prejudicial at this point.
11          THE COURT:  Well, I said the 23rd.
12          MR. VASQUEZ:  Well, as I say, it's a two week trial
13  so it's not going to be over until the 30th, so any time in the
14  month of April would be very prejudicial.
15          THE COURT:  All right.  Any other objection?
16          MR. VILLARREAL:  Your Honor, Jose Villarreal for
17  Tellabs.  Not an objection per se to the date but a
18  ramification that may come from that, given the expert report
19  deadline that we have pending.  It would be very inefficient to
20  proceed with those without the Markman, at least some guidance
21  from the Markman.
22      So our request would be just that the other deadlines
23  be considered, given that the Markman date would be changed.
24  So, in other words, that those dates be also moved so that
25  we can proceed with the expert reports with more efficiency.

```
 1              THE COURT:  Okay.  Anything else?
 2              MR. MORRISSETT:  Your Honor, Steve Morrissett for
 3   Extreme Netgear and D-Links.  Also, just to inform you, we did
 4   receive an inquiry from the Plaintiff's counsel about actually
 5   moving the expert report date.  I'm not sure what the status of
 6   that is right now, but they had proposed a couple of weeks ago
 7   delaying the expert report date for -- for other reasons.
 8              THE COURT:  Okay. All right. Anything else?  Okay.
 9   Well, you know, this has just put us in a situation where this
10   unfortunate late objection to Mr. Egen has just caused the
11   movement of this Markman to become necessary apparently.
12        So as far as the other dates, I am sympathetic as far
13   as those dates are concerned.  If the parties want to get
14   together and try to agree on some dates the best you can,
15   you can do that and submit that to the Court and the Court
16   will take a look at that and see if we can move those dates.
17        At this point obviously I want to try to keep the trial
18   date, if possible.  I believe you have a trial date of
19   October 13th, so that's going to remain.  But any other
20   dates that y'all can agree to, please do and submit those to
21   the Court and we'll take a look at them.
22        But as I say, it just necessitated moving this Markman
23   Hearing.  I don't want to do it and I think it's
24   unfortunate, but that's the situation we're in.
25              MS. RACE:  And, Your Honor, this is Deborah Race and
```

1  I did just want to make sure.  The counsel in this case was not
2  really aware of this objection until late because Fulbright and
3  Jaworski is walled off from the Dell case, and so the Fenners
4  brought this to their attention and that's when we filed it.
5              THE COURT:  All right.  Well --
6              MR. CORNELIUS:  Your Honor, this is Bill Cornelius.
7  If I could have just a moment, I -- I certainly heard what the
8  Court has said that it feels like it needs to do, but the
9  Defendants feel pretty strongly really that there's no valid
10 reason to disqualify Mr. Egen.  Would the Court be willing to
11 entertain a little discussion of that now?
12             THE COURT:  Yes, go ahead.
13             MR. CORNELIUS:  Deb, we just don't see a conflict.
14 In fact, your order does not mention a conflict.  Fenner's
15 objection does not assert a conflict, and we just don't think
16 there is one.  Dell obviously is not a party to this case, and
17 as the Court points out in the order, the work that Mr. Egen is
18 doing has nothing to do with the patents-in-suit.  So we're
19 just not seeing a conflict that would require his
20 disqualification.
21             MS. RACE:  Your Honor, on behalf of the Fenners,
22 again, Fulbright was not aware of this, but in this particular
23 situation, Mr. Egen's law firm actually does represent Dell.
24 His partner's brother is actually in charge of the Fenner case
25 with Dell.  There's so many connections between Dell and Mr.

7

1  Egen's firm that the Fenners just are not comfortable and
2  believe that that presents a very, very real conflict, in their
3  opinion, because of all of the connections between Mr. Egen's
4  firm and the Dell litigation.
5         MR. CORNELIUS:  Your Honor, Bill Cornelius again.
6  That same logic would -- would say very clearly that it's just
7  as inappropriate for Fulbright to be involved in this case as
8  counsel, because they do work for Dell just like Mr. Egen does.
9         MS. RACE:  And that's a matter -- that's a matter,
10 Bill, that has already been raised, and as you know, Fulbright
11 is not representing and is actually walled off in that Dell
12 litigation.
13        MR. CORNELIUS:  Well, it's I think a little
14 disingenuous for Fulbright to make that argument.
15        THE COURT:  Okay.  Ms. Race, what is -- setting aside
16 this argument about Mr. Egen's partner's brother, what is the
17 first argument you have, the first point you made?
18        MS. RACE:  That Mr. Egen's firm is actually
19 representing Dell and doing quite a bit of work in the actual
20 -- I mean for Dell in other litigation.
21        MR. CORNELIUS:  Judge, that's a pretty attenuated
22 relationship to -- to bring down a Markman on a
23 disqualification basis.
24        THE COURT:  Okay.  So, Ms. Race, Mr. Egen's firm does
25 work for Dell?

1        MS. RACE:  Mr. Egen's firm does work for Dell.  Mr.
2   Egen's partner's brother is the in-house counsel for Dell
3   actually handling the Fenner litigation, and another brother of
4   Mr. Egen's law partner is a partner in Fulbright as well.  I
5   mean, there are just all kinds of connections between Mr. Egen
6   and the Dell litigation and the Fenners.  The Fenners -- and
7   Mrs. Fenner is actually an attorney, and the Fenners just
8   believe that that is -- is too much connection between Egen's
9   law firm and their Dell litigation.
10       THE COURT:  And so, Ms. Race, you -- you didn't know
11  any of this at the time you agreed to Mr. Egen?
12       MS. RACE:  No, and that's -- from what I understand
13  from Mr. Govett, who couldn't be on the call, with Fulbright,
14  they were not aware of the Dell connection between Mr. Egen at
15  that time.  They're -- they're not -- as this Court knows,
16  they're walled off from the Fenner-Dell litigation and they
17  were not aware of the situation until the Fenners advised them.
18       MR. CORNELIUS:  Judge, how could they not know that
19  Mr. Egen's partner's brother worked for Fulbright?
20       MS. RACE:  Oh, well, that -- now, that part, I
21  imagine they -- I don't know about that.  I talked to Brett
22  really exclusively about the Dell litigation.
23       THE COURT:  Well, Ms. Race, how did the Fenners not
24  know of the Dell connection?
25       MS. RACE:  The Fenners -- and, again, I don't know

1   the answer to that.  The Fenners may indeed have known at some
2   point but they did not advise counsel of this until recently,
3   and that was when we filed the motion.
4            THE COURT:  Well, okay.  Look, I'm going to sustain
5   the objection, but, you know, we're just put in somewhat of a
6   bind here, but I feel like sustaining the objection is the
7   right thing to do and we just need to move on.
8        So your Markman Hearing is rescheduled to April 23rd.
9   As far as the timing of it, we'll just have to deal with it
10  as we get there, but, you know, that's going to be your
11  date, so --
12           MR. CORNELIUS:  Bill Cornelius.  Could I -- could I
13  ask one more question?
14           THE COURT:  Yes.
15           MR. CORNELIUS:  Would it make any sense -- as the
16  Court may recall, we had previously moved to consolidate these
17  two cases, without success.  This, it occurs to me, might call
18  for reconsideration of that.  Are you willing to entertain some
19  argument on that?
20           THE COURT:  Well, not at this point, Mr. Cornelius.
21  I think that my original intention that this case should
22  proceed on the track it's on has -- it remains, so, no, I'm --
23  I think -- you're free to file a motion to that effect, taking
24  into account these new circumstances, but I feel like at this
25  point it's best to just get this Markman Hearing done and this

10

1  case moved on.  I wish we could do it this week, but I feel
2  like in the circumstances that have been presented, this is
3  going to be the best thing to do is move it off.  So you're
4  free to file a motion but I'm not going to entertain any
5  argument on it at this time.
6              MR. CORNELIUS:  Thank you, Judge.
7              THE COURT:  All right.  Anything else?
8              MR. VASQUEZ:  Yes.  Judge, this is Rich Vasquez again
9  for SMC and Enterasys.  Speaking to the date issue, Your Honor,
10 your last statement appeared to me to be that the hearing is
11 continued to April 23rd, when earlier I believe you had
12 indicated you had sympathy for the prejudice that the order of
13 the 23rd would put upon my law firm, which is already scheduled
14 to be before Judge Davis at the exact same time.
15      Given the -- what I believe is an ineffective
16 explanation by the Plaintiff as to why they're bringing this
17 to the Court at this late date, I would hope that the Court
18 would give us some latitude and not schedule it on April
19 23rd and allow us not to be prejudiced by this late
20 scheduling.  We scheduled all of our trial properly and with
21 diligence.  Clearly they did not.
22             THE COURT:  Okay.  Well, let me do this.  I had hoped
23 that April 23rd would work.  That's a date I can fit it in.  I
24 am open to other dates.  In fact, I'm open to earlier dates
25 than this, than April 23rd.

1       Let me just tell you that I'm sustaining the objection.
2  I'm appointing Mike McLemore.  You guys -- everybody try to
3  agree on a date, and I strongly encourage you to agree on a
4  date, and the earlier the better.
5       So let me give you a chance to give me a date.  I'll
6  give you until Friday to give me a date.  Otherwise, I'm
7  going to pick a date.  It may be April 23rd.  It may be
8  earlier than that.  It somewhat depends on Mr. McLemore's
9  availability, but we can work with him and get a date that
10 works for him as well.
11      So y'all see if you can agree on a date by Friday, a
12 date that would -- everyone could do it, which is difficult,
13 I understand, but we're going to have to work around some
14 things, number one.  Number two, a date that's earlier
15 rather than later.  That would give you an opportunity to
16 keep your trial schedule as it is.  That would be my -- my
17 preference.
18      All right.  Any questions with regard to that?
19           MR. MORRISSETT:  Your Honor, Steve Morrissett for
20 Extreme Netgear and D-Links.  If you're talking about a date in
21 March, as long as we're bringing it up, we have -- would have a
22 problem during that month, because as other counsel, we have
23 scheduled court hearings and we have discovery matters that
24 really can't be moved, so we would be prejudiced if we get into
25 that.  So we are all facing those problems.  We will work with

12

1 all of the other counsel.
2     MR. YARBROUGH: Judge, this is Trey Yarbrough.  In
3 light of -- I know the Court is going to need to check with Mr.
4 McLemore on his availability.  Do you want the parties -- is
5 the Court going to coordinate matters with Mr. McLemore or
6 should the parties be talking with him as well, and would you
7 like a couple of alternative dates, several dates versus one?
8 What is your preference?
9     THE COURT: Well, certainly if y'all can agree on
10 several dates, that would be preferable.  But as far as Mr.
11 McLemore, no, the Court will be in contact with him, so we'll
12 just communicate dates to him that y'all have available and
13 then we'll give you a date that it can be done.  So y'all work
14 on it and hopefully give me something.  If not, I'm going to
15 set it, and again, it may be earlier than April 23rd, but that
16 will just be the date that you'll have to deal with, so --
17     MR. YARBROUGH: How quickly would you like to hear
18 back from us, Your Honor?
19     THE COURT: I would like to hear by Friday.  I mean,
20 if y'all can get it to me today, that would be obviously
21 preferable, but I'll give you until Friday.
22   All right.  Any other questions?
23     MS. RACE: Not from the Plaintiff.
24     MR. CORNELIUS: No, Your Honor.
25     THE COURT: All right.  Thank you very much for being

```
                                                                    13
 1   on the line.
 2            MS. RACE:  Thank you, Your Honor.
 3            THE COURT:  Have a good day.
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21   I hereby certify that this transcript has been prepared to
22   the best of my ability from an electronic sound recording.
23
24   _____        _____
     Jan Mason                              Date
25
```